PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
HANNAH LEE (State Bar No. 253197)
hlee@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE COAT SYSTEMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 15-cv-03295-BLF<br><br>**FINJAN'S OPPOSITION TO BLUE COAT SYSTEMS, INC.'s ADMINISTRATIVE MOTION FOR EXPEDITED DISCOVERY AND CONTINUANCE OF BRIEFING SCHEDULE AND FINJAN'S CROSS-MOTION FOR EXPEDITED HEARING**<br><br>**CIVIL L.R. 6-3 and 7-11** |

Plaintiff Finjan, Inc. ("Finjan") opposes Blue Coat Systems, Inc. ("Blue Coat"), motion for expedited discovery related to Finjan's Motion for a Preliminary Injunction ("PI Motion") and "alternative" request for a status conference ("Motion") (Dkt. 76) because Blue Coat has no good cause. Given recent events, Finjan cross-moves for an expedited hearing on its PI Motion.

### I.   Blue Coat Has No Good Cause for Expedited Discovery

Despite knowing since December 2015 that Finjan anticipated filing a PI Motion, Blue Coat did not serve *any* discovery requests since discovery opened last year and now attempts with its Motion to invent a need for discovery, as well as expand the existing discovery limits in this case. Finjan disclosed in the parties' Joint Case Management Conference Statement ("Joint Statement") filed in December 2015 that it anticipated filing a PI Motion. Dkt. 27 at 3. Armed with this information, Blue Coat sought specific discovery limits for this case (*id.* at 6-8) and thereafter did not serve a single discovery request on Finjan. Nothing prevented Blue Coat from seeking the unspecified discovery that Blue Coat now claims it needs over the eight months. Blue Coat did not seek discovery because it did not need any further discovery, including information to respond to Finjan's anticipated PI Motion. It already had relevant discovery from the *Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. 13-cv-03999-BLF ("*Blue Coat I*") case, which the parties agreed could be used in this case. *See* Dkt. 27 at 4. Information regarding infringement and Blue Coat's invalidity contentions is in Blue Coat's possession and other information supporting Finjan's PI Motion has already been produced to Blue Coat or is publicly available, as described in Finjan's PI Motion. Dkt. 71 at 8-16, 19-20. Thus, Blue Coat does not now have good cause to seek expedited discovery where (1) there is no true need for such discovery, evidenced by Blue Coat's decision not to seek discovery for the past eight months, and (2) Blue Coat has no reasonable explanation for why it did not seek such purported discovery earlier when it knew Finjan anticipated filing a PI Motion.

The majority of factors considered in deciding whether "good cause" exists for expedited discovery weigh in favor of Finjan. *Am. LegalNet, Inc. v. Davis.*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) ("(1) whether a preliminary injunction is pending; (2) the breadth of the

discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on [Finjan] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.")(citations omitted).  ***First***, Blue Coat is seeking unspecified discovery "directed to issues relevant to the preliminary injunction," which is overbroad.  Blue Coat has never identified what specific information would be covered in its proposed expedited 25 document requests, 6 interrogatories and multiple depositions.  Wholly apart from the fact that Blue Coat already has information it needs to oppose Finjan's PI Motion, Finjan cannot agree to provide responses to general, unspecified requests on an expedited schedule.  Dkt. 76 at 2.  This is particularly true where Blue Coat admits that discovery regarding validity, infringement, and damages concerning Finjan's U.S. Patent No. 8,677,494 ("the '494 Patent") is the same information produced in the normal course of litigation.  It cannot, at the same time, claim it suddenly has purported good cause for expedited discovery when it had 8 months to pursue this information.  *See* Dkt. 76 at 2-4.

To the extent Blue Coat claims that it needs discovery specifically regarding Finjan's irreparable harm or its recent developments regarding Mobile Secure Browser™ ("Mobile Browser"), Finjan is willing to provide limited expedited discovery on a reasonable schedule,[1] as described below, even though most, if not all such information, is available publicly or already in Blue Coat's possession.  For example, Finjan has already produced its financial information, which is publicly available, as Finjan is a public company.  Further, much, if not all, of the information supporting Finjan's irreparable harm is disclosed in Finjan's publicly available SEC filings.  Similarly, information about the Mobile Browser is publicly available or was produced in *Blue Coat I*.  *See, e.g.,* Declaration of Yuridia Caire ("Caire Decl.") filed herewith, ¶¶6-12, Exs. 1-7; *see also* https://www.finjanmobile.com.  Blue Coat cannot get around the fact that, to the extent it wanted additional information regarding the Mobile Browser, it should have served such discovery earlier.

***Second***, the true purpose of Blue Coat's expedited request is, at best, to remediate the fact

---

[1] Such focused discovery is not nearly as extensive and would not significantly expand this case's discovery limits, which is what Blue Coat is seeking with its Motion.

1  that it still has not served any discovery.  During the meet and confer process, Finjan agreed to
2  extend Blue Coat's Opposition deadline to September 19, 2016, giving it sufficient time to serve
3  discovery and receive Finjan's responses prior to September 19th.  Even though Finjan filed its
4  PI Motion two weeks ago on July 28th, Blue Coat *still* has not served a single discovery.

5  Blue Coat's claims that it needs discovery due to claim construction or invalidity issues
6  also ring hollow.  Over a week after Finjan filed its PI Motion and one day after filing this
7  Motion, Blue Coat served Finjan identifying its ten claim terms for construction and there was
8  not a single claim term for the '494 Patent.  *See* Caire Decl., ¶13, Ex. 8.  Thus, even ***after***
9  receiving Finjan's PI Motion, Blue Coat does not truly have claim construction issues for the
10 '494 Patent.  And, as set forth in Finjan's PI motion, Blue Coat has no substantial question
11 regarding the validity of the asserted claims of the '494 Patent.  *See* Dkt. 71-1 at 13-16.

12 ***Third***, Blue Coat's proposed "expedited" schedule for unspecified discovery is unduly
13 burdensome and unnecessary.  Blue Coat's claim that it needs an expedited schedule is solely
14 due to the fact that it did not serve requests earlier for the purported discovery it claims it needs.
15 Now, due to Blue Coat's failings, Blue Coat is seeking a compressed schedule which will be
16 difficult for Finjan, a much smaller company to respond to, particularly because it is when Finjan
17 is scheduled to be in trial against Sophos.  Caire Decl., ¶5.  Finjan should not be burdened with
18 responding to unnecessary expedited discovery requests being served to address Blue Coat's
19 discovery shortcomings while it is in trial.  This is particularly true where there were no surprises
20 in Finjan's PI Motion.  Blue Coat knew Finjan would be filing a PI Motion, which is premised,
21 in part, on the fact that Blue Coat has decided to continue its infringing conduct.  Since at least
22 the filing of Finjan's July 15, 2015 Complaint, Blue Coat knew that Finjan was asserting that
23 WebPulse infringed its more recently issued '494 Patent and there were specific allegations
24 relating to DRTR.  Dkt No. 1 at ¶¶ 36, 45.  Nonetheless, Blue Coat continued to use WebPulse
25 and the infringing DRTR component, even after the infringement finding in *Blue Coat I*, and the
26 Court's initial entry of judgment in November of 2015.  Blue Coat has had Finjan's detailed
27 infringement contentions for months, as Finjan served its Preliminary Infringement Contentions
28

1  on April 28, 2016.  Caire Decl., ¶14, Ex. 9.  Blue Coat never complained about the specificity of
2  these contentions and served its Invalidity Contentions on June 13, 2016.  It was reasonable for
3  Finjan to file its PI Motion after having a chance to review Blue Coat's Invalidity Contentions,
4  and after the Court's favorable rulings on the parties' post-trial motions in *Blue Coat I*, given
5  some of the similar issues in its cases against Blue Coat.  Blue Coat cannot somehow now
6  suggest that discovery is necessary given its knowledge of Finjan's allegations, the extensive
7  discovery and public information already in its possession, and the fact that Blue Coat still has
8  not served any discovery.  Underscoring that further discovery is unnecessary is the fact that
9  Blue Coat has not identified the specific discovery requests it is seeking to serve.
10         *Fourth*, the potential prejudice to Finjan if Blue Coat's Motion is granted will be based
11 on Blue Coat's unreasonable refusal to provide the specific discovery requests that it seeks.
12 Finjan cannot agree to expedite responses to unspecified requests, which could be overly broad
13 or which may be difficult for Finjan to respond to on a shortened timeframe.  There is no reason
14 to prejudice Finjan to respond to expedited discovery simply because Blue Coat is attempting to
15 unfairly recover time it lost because it did not serve discovery earlier.  Further, Blue Coat's
16 proposed schedule is unduly prejudicial and impractical.  Blue Coat is seeking responses to
17 requests within 1 week and document production 5 days later.  Given the parties' agreed upon
18 procedures, this timeline is nearly impossible to comply with, as the documents need to be
19 uploaded, formatted and processed before production.  Further, Finjan may not be able to
20 provide depositions within 5 days, as Finjan's employees will be witnesses in the Sophos trial.
21 Accordingly, Blue Coat has no good cause for its Motion.
22         **II.         A Status Conference is Not Necessary  and an Expedited Hearing is Needed**
23         Blue Coat's alternative request for a status conference should be denied because (1) the
24 expiration date of the '494 Patent does not bar Finjan's request for an injunction and (2) is
25 actually a request for Blue Coat to be heard multiple times on its reasons for opposing Finjan's
26 PI Motion.  The expiration date of the '494 Patent does not hinder Finjan's ability to request an
27 injunction.  It, if anything, emphasizes the urgent need for Finjan to obtain a ruling on its PI
28

4
FINJAN'S OPP. TO ADMIN. MTN. & CROSS-MOTION            CASE NO. 15-cv-03295-BLF

1  Motion.  Recently, Finjan learned that an upgrade to its Mobile Browser would be available for
2  release, ahead of schedule, at the end of September.  Declaration of Michael Kim In Support of
3  Finjan's Opposition ("Kim Decl."), ¶3.  Given the imminent release of a new version of Mobile
4  Browser that will practice the '494 Patent, Finjan's need for a preliminary injunction is now even
5  more urgent, as this version will directly compete with Blue Coat's infringing technology.[2]  *Id.*,
6  ¶¶3-4.  Accordingly, Finjan requests an expedited hearing date.   Finjan originally accepted the
7  November 10, 2016 hearing date, to consolidate multiple motions on the same day.  Given this
8  unanticipated, early release of the next version of Finjan's product, Finjan requests an expedited
9  hearing in October.

10        Finjan, who is a much smaller player in the security market, will be competing with Blue
11  Coat for customers.  This poses irreparable harm to this small company, who will be
12  unreasonably forced to compete against its own technology that Blue Coat, who was recently
13  acquired by Symantec, is using.  Caire Decl., ¶15, Ex. 10.  Even a few months of time of
14  injunctive relief against Blue Coat will make an immeasurable difference for a company like
15  Finjan, who should not struggle for market share because it is competing against its own
16  technology.  The market for mobile security products is an extremely fast moving market that
17  requires immediate penetration.  Kim Decl., ¶4.  If Blue Coat is not immediately enjoined from
18  practicing infringing technology, Finjan will be forced to compete with infringing technology in
19  the marketplace until the '494 Patent expires, without being given a fair chance to even gain a
20  foothold in the market.  *See Rosen Entm't Sys., LP v. Eiger Vision*, 343 F. Supp. 2d 908 (C.D.
21  Cal. 2004) (granting injunction upon consideration of hardship where plaintiff's market share
22  will continue to erode and its ability to survive will be at risk).  Thus, Finjan cross-moves to
23  request an earlier hearing date for its PI Motion and a schedule for briefing that would permit (1)
24  Blue Coat time to take the limited discovery and file its opposition, (2) sufficient time for Finjan
25  to file its reply brief, and (3) the Court sufficient time to review the papers ahead of the hearing.

---

[2] Discovery would require at most, 2 document requests, 1 interrogatory and a single 30(b)(6) topic for up to 2 hours of testimony.  This focused discovery would relate to these recent events with a reasonable shortened schedule and modifications to the document production format.

5

FINJAN'S OPP. TO ADMIN. MTN. & CROSS-MOTION          CASE NO. 15-cv-03295-BLF

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: August 12, 2016 | By:   */s/ Lisa Kobialka*<br>Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>Hannah Lee<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br>pandre@kramerlevin.com<br>lkobialka@kramerlevin.com<br>jhannah@kramerlevin.com<br>hlee@kramerlevin.com<br><br>*Attorneys for Plaintiff*<br>FINJAN, INC. |