# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

FINJAN, INC.,

    Plaintiff,

v.

BLUE COAT SYSTEMS, INC.,

    Defendant.

Case No. 15-cv-03295-BLF

**ORDER GRANTING SEALING MOTION**

[Re: ECF 88]

Before the Court is Defendant's administrative motion to file under seal portions of their briefing and exhibits. ECF 88. For the reasons stated below, the motion is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II.  DISCUSSION

The Court has reviewed Defendant's sealing motion and declarations in support thereof. The Court finds that Defendant has articulated compelling reasons to seal the submitted documents. The proposed redactions are also narrowly tailored. The Court's ruling on the sealing request is set forth in the table below:

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Defendant Blue Coat Systems, Inc.'s Motion to Strike Plaintiff Finjan, Inc.'s Patent L.R. 3-1 Infringement Contentions Regarding U.S. Patent Nos. 6,154,844; 6,965,968; and 7,418,731 ("Blue Coat's Motion to Strike"), redacted at 11:4-16, 21-23. | References to Blue Coat's highly confidential information regarding products and functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code ("technical information"). | GRANTED. |
| Ex. 1 to Declaration of Gina H. Cremona in Support of Blue Coat's Motion to Strike Infringement Contentions ("Cremona Declaration"), redacted portions at pp. 9, 11, 12, 26, 27, 32, 34, 35, 39, 43, 44, 46, 47, 48, 49, 53-55, 58, 65, 68, 74, 82, 83. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 2 to Cremona Declaration, redacted portions at pp. 3-5, 12-13, 15-21, 24-26, 29, 30, 35-40, 43, 44, 47-53, 57-60, 63, 64, 67-77, 80-84, 87-91, 97, 99-103, 110, 111, 113, 114, 118, 119, 126-129. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 3 to Cremona Declaration, redacted portions at pp. 1, 30, 35, 42, 43. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 4 to Cremona Declaration, redacted portions at pp. 30, 35, 47. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 5 to Cremona Declaration, redacted portions at pp. 1, 8, 15, 21, 22, 26, 27, 38, 42, 44, 56, 65, 66, 72, 73, 78. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 6 to Cremona Declaration, redacted portions at pp. 4, 7-10, 12, 20, 21, 25, 26, 28, 29, 38, 39, 40-42, 50, 53, 54, 56, 57. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 7 to Cremona Declaration, | References to Blue Coat's | GRANTED. |

| | | |
|---|---|---|
| redacted portions at pp. 1, 11, 62, 63, 81, 82, 107, 108, 120, 126 | highly confidential technical information. | |
| Ex. 8 to Cremona Declaration, redacted portions at pp. 13, 33, 39, 40, 53, 54, 60, 61, 70, 71, 92, 93, 100, 110. | References to Blue Coat's highly confidential technical information. | GRANTED. |
| Ex. 9 to Cremona Declaration, redacted portions at pp. 3-5, 12, 14-25, 30, 34-36, 38, 39, 40-51, 54-64, 68- 74, 77-78, 80-82, 86-96, 98, 99, 100-106, 108-109, 113-119. | References to Blue Coat's highly confidential technical information. | GRANTED. |

### III.   ORDER

For the foregoing reasons, the sealing motion at ECF 88 is GRANTED.

**IT IS SO ORDERED.**

Dated:  September 1, 2016

_____
BETH LABSON FREEMAN
United States District Judge