E-filed 11/2/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>BLUE COAT SYSTEMS, LLC,<br><br>   Defendant. | Case No.15-cv-03295-BLF   (HRL)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 106, 118 |

Pending before this Court are the Administrative Motions by Plaintiff Finjan, Inc. ("Finjan") and Defendant Blue Coat Systems, LLC ("Blue Coat") to file under seal certain portions of Finjan's Opposition to Blue Coat's Motion to Strike Finjan's Infringement Contentions (and the exhibits thereto) and portions of Blue Coat's Reply. Dkt. Nos. 106, 118. For the reasons stated below, the motions are GRANTED.

## LEGAL STANDARD

The courts recognize a common-law right of access to public records, and a strong presumption in favor of public access exists. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). This right of access, however, is not absolute and can be overridden. *Id.* at 1135. The party seeking to seal judicial records bears the burden of overcoming the presumption in favor of access. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

The court applies one of two standards in evaluating motions to seal: the lower good cause standard, which applies to non-dispositive matters, and the more stringent compelling reasons standard, which applies to dispositive matters. *See Luo v. Zynga, Inc.*, No. 13-cv-00186 NC, 2013 WL 5814763, at *1-2 (N.D. Cal., Oct. 29, 2013). Under the good cause standard, the party must make a "particularized showing" that "specific prejudice or harm will result" if the document is

1  not filed under seal. *Id.* at *1 (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Court. N. Dist.*
2  *(San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)). Under the compelling reasons standard, the
3  party seeking disclosure must "'articulate[] compelling reasons supported by specific factual
4  findings' . . . that outweigh the general history of access and the public policies favoring
5  disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (quoting *Foltz v. State Farm Mut. Auto. Ins.*
6  *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted).

## DISCUSSION

A motion to strike infringement contentions is a non-dispositive motion, and so the less stringent good cause standard applies to these motions to seal. *Finjan Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2015 WL 9023164, at *2 (N.D. Cal. Dec. 16, 2015); *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST (NC), 2014 WL 465363, at *1 (N.D. Cal. Feb. 3, 2014).

The Court has reviewed the parties' sealing motions and their supporting declarations and finds that the parties have shown good cause to seal certain portions of the submitted documents. The Court also finds that the proposed redactions are narrowly tailored. Thus, the Court GRANTS the parties' motions to seal the following:

**1. Dkt. No. 106:**

| Document/Section to be Sealed | Description of Document/Section |
|---|---|
| Plaintiff Finjan, Inc.'s Opposition to Blue Coat Systems, Inc.'s Motion to Strike Finjan's Infringement Contentions ("Opposition") at 8:7-11, 13-18, 21-22, 24-25; 9:1; 11:23-26; 12:1-2; 13:17-25; 14:1, 3-5. | The specified sections contain confidential technical and business information regarding Blue Coat's products. |
| Declaration of James Hannah in Support of Finjan's Opposition ("Hannah Decl."), Exhibits 6 and 15 in their entirety. | These Exhibits disclose Blue Coat's confidential technical information. |
| Hannah Decl., Exhibit 16 at pg. 1, ¶1:1, 3; ¶4:1; pg. 2, ¶1:2-3. | The specified sections contain confidential technical and business information regarding Blue Coat's products. |

2

| Hannah Decl., Exhibit 17 at pg. 1, ¶ 1:4, 12. | The specified sections contain confidential technical and business information regarding Blue Coat's products. |
|---|---|
| Hannah Decl., Exhibit 18, at 24:1-25; 25:1-25; 106:1-25. | The specified sections disclose Blue Coat's confidential information concerning its products and services. |
| Hannah Decl., Exhibit 19 at 259:1-25. | The specified section discloses Blue Coat's confidential information concerning its products and services. |
| Hannah Decl., Exhibit 21 at 16:1-25; 17:1-25. | The specified sections disclose Blue Coat's confidential information concerning its products and services. |

**2. Dkt. No. 118:**

| Document/Section to be Sealed | Description of Document/Section |
|---|---|
| Reply in Support of Defendant Blue Coat Systems, Inc.'s Motion to Strike Plaintiff Finjan, Inc.'s Patent L.R. 3-1 Infringement Contentions Regarding U.S. Patent Nos. 6,154,844; 6,965,968; and 7,418,731 ("Blue Coat's Reply"), redacted at 2:2-3, 23, 26-28; 3:4-5; 7:8-10. | The specified sections contain references to highly confidential Blue Coat information regarding products and functionality. |

**IT IS SO ORDERED.**

Dated: 11/2/2016

HOWARD R. LLOYD
United States Magistrate Judge