UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUE COAT SYSTEMS, LLC, <br><br> Defendant. | Case No. 15-cv-03295-BLF <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART FINJAN'S MOTION TO STRIKE BLUE COAT'S AFFIRMATIVE DEFENSES, WITH LEAVE TO AMEND** |

Finjan moves to strike Blue Coat's sixth, ninth, and tenth affirmative defenses. Blue Coat opposes. The parties appeared for oral argument on the motion on November 10, 2016.

**For the reasons stated on the record and below,** the Court GRANTS-IN-PART and DENIES-IN-PART Finjan's motion:

With respect to Blue Coat's sixth affirmative defense, titled "Limitation on Damages," the Court finds that Blue Coat has sufficiently alleged facts to give Finjan "fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (per curiam)). The Court therefore DENIES Finjan's motion with respect to this defense.

With respect to Blue Coat's ninth affirmative defense, titled "Collateral Estoppel / Res Judicata / Waiver," the Court finds that Blue Coat has failed to allege sufficient facts to give Finjan fair notice. *See id*. Collateral estoppel, res judicata, and waiver are distinct defenses, but Blue Coat failed to allege them separately. Further, the Court finds the facts alleged insufficient. Blue Coat did not identify which infringement claim(s) (e.g., by patent and product) it contends are barred by res judicata, which infringement issue(s) (e.g., by patent and product, as relevant) it contends are collaterally estopped, nor which right(s) it contends it waived. The Court therefore

GRANTS Finjan's motion to strike the ninth affirmative defense and GRANTS Blue Coat leave to amend its allegations of collateral estoppel, res judicata, and waiver.

With respect to Blue Coat's tenth affirmative defense, titled "Patent Misuse," the Court finds that Blue Coat has failed to allege sufficient facts to give Finjan fair notice. *Id*. Blue Coat's allegations have not alleged with sufficient particularity how Finjan has "impermissibly broadened the physical or temporal scope of [its] patent grant" or how Finjan's actions have had "anticompetitive effects." *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010). The Court therefore GRANTS Finjan's motion to strike the tenth affirmative defense and GRANTS Blue Coat leave to amend its allegation of patent misuse.

Any amended answer must be filed no later than December 5, 2016. Blue Coat is not permitted, absent further leave of Court, to allege any additional affirmative defenses.

**IT IS SO ORDERED.**

Dated: November 14, 2016

_____
BETH LABSON FREEMAN
United States District Judge

2