UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLUE COAT SYSTEMS, LLC,<br><br>　　　　Defendant. | Case No.15-cv-03295-BLF   (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 188, 190, 195, 196 |

　　　　Before the Court are Finjan, Inc.'s Administrative Motions to Seal (Dkt. Nos. 188, 195) and Blue Coat Systems, LLC's Administrative Motions to Seal (Dkt. Nos. 190, 196). Both parties' motions seek to seal confidential technical information belonging to Blue Coat that the parties submitted to the Court in connection with Finjan's discovery submissions seeking to compel depositions (Dkt. Nos. 189, 191, 193, 194, 197).

　　　　Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party

moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information both Finjan and Blue Coat seek to seal was submitted to the Court in connection with submissions concerning a discovery dispute, rather than a motion that concerns the merits of the case. Having considered the Motions, the declarations submitted in support thereof, the pleadings on file, and the parties' efforts to narrowly tailor their sealing requests to specific items of technical information, the Motions are hereby granted in part and denied in part.

### a. Request denied in part as to the term "NSE"

Finjan's request to seal portions of its Statement of Discovery Dispute (Dkt. No. 189) and Supplemental Submission Re: Statement of Discovery Dispute (Dkt. No. 193) is granted in part and denied in part. Finjan's filings redacted portions related to an allegedly confidential "static scanning" component of Blue Coat's accused Malware Analysis Appliance ("MAA") product titled "NSE." In its Motion to Seal, Finjan indicates that it redacted the term because Blue Coat had designated the information as confidential during the course of discovery. (Dkt. No. 188-1 at ¶¶ 3-4.) The Court does not question the truth of this assertion. However, in Blue Coat's Statement of Discovery Dispute and its Further Statement of Discovery Dispute, Blue Coat asserts that MAA's static scanning function is disclosed in publicly available documents. (Dkt. No. 191 at 1.) Further, Blue Coat did not redact the NSE term in its own filings. (Dkt. Nos. 191 at 1, 197 at 2.) Therefore, the Court concludes there is not good cause to seal the NSE term or its description, and the request to seal as to the term NSE is denied. Finjan is instructed to refile only its Statement of Discovery Dispute (Dkt. No. 189) and its Supplemental Submission re: Statement of Discovery Dispute (Dkt. No. 193), with the following portions unredacted: Dkt. No. 189 at 1:16-18; 1:21-24; 2:8-9; 2:13. Dkt. No. 193 at 1:6; 1:15; 2:18; 2:20.[1]

---

[1] Finjan does not need to refile its exhibits.

2

### b. Remaining requests to seal are granted

The Court concludes that good cause has been shown to seal the following materials and that counsel for Finjan and Blue Coat may file the following materials under seal:

1. **ECF 188**

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Finjan's Statement of Discovery Dispute | Redacted portions at 2:10-12, and 2:16-17. | References to Blue Coat's highly confidential information regarding products and functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code ("technical information"). |
| Exhibit 1 (Excerpts of Rohan Deposition Transcript) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 2 (Excerpts of the Rough Ahlander Deposition Transcript) | Entire exhibit | References to Blue Coat's highly confidential technical information. |

2. **ECF 190**

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Blue Coat's Statement of Discovery Dispute | Redacted portions at 2:7-8; 2:9; 2:14 | References to Blue Coat's highly confidential information regarding products and functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code ("technical information"). |

3. **ECF No. 195**

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Finjan's Supplemental Submission re: Statement of Discovery Dispute | Redacted portions at, 1:8-10; 1:12; 2:1-9; 2:26-28; 3:4-11; 3:13; 3:15-25; 4:1; 4:4-5; 4:8-9; 4:13-14; 4:18-21; 5:1-3; 5:12-14; 5:19-24; 6:25-28; 7:1-28 | References to Blue Coat's highly confidential information regarding products and functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code ("technical information"). |

| | | |
|---|---|---|
| Exhibit 2 (Relevant Portions of Finjan's Infringement Contentions, Appx C-1) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 3 (Excerpts of Rohan Deposition Transcript) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 4 (BC2_SC_000664-683) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 5 (BC2_SC_000684-686) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 6 (Excerpts of Rough Runald Deposition Transcript) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 7 (Relevant Portions of Finjan's Infringement Contentions, Appx F-2) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 8 (BC00098119-0098135) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 9 (BC-0057567-0057573) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 10 (BC-0070407-0070410) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 11 (BC-0078972-0078976) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 12 (BC2-0155109-015515) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit 13 (BC-188266-1888268) | Entire exhibit | References to Blue Coat's highly confidential technical information. |

4. **ECF No. 196**

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Blue Coat's Further Statement of Discovery Dispute | Redacted portions at 2:11-12; 3:9-13; 4:22; 4:25-27; 5:2; 5:4-6; 5:17-24; 5:28; 6:1; 6:3; 6:5-7; 6:9-12; 6:26; 9:20-23. | References to Blue Coat's highly confidential information regarding products and functionality, operation, architecture, and development thereof, including reference to portions of Blue Coat's source code ("technical information"). |
| Exhibit A (Relevant Portions of Finjan's Infringement Contentions, Appx C-1) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit B (Relevant Portions of Finjan's Infringement Contentions, Appx F-2) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit C (Excerpts of Rohan Deposition Transcript) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit D (Excerpts of Rough Runald Deposition Transcript) | Entire exhibit | References to Blue Coat's highly confidential technical information. |
| Exhibit G (BC00098119-0098121) | Entire exhibit | References to Blue Coat's highly confidential technical information. |

**SO ORDERED.**

Dated: March 15, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge