UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE COAT SYSTEMS, LLC,<br><br>    Defendant. | Case No. 15-cv-03295-BLF (SVK)<br><br>**ORDER GRANTING FINJAN, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 150 |

Before the Court is Finjan, Inc.'s ("Finjan") Administrative Motion to Seal (ECF 150). Finjan's motion seeks to seal confidential technical information belonging to Blue Coat Systems, LLC ("Blue Coat") that the parties submitted to the Court in connection with Finjan's discovery submissions seeking to compel supplemental document production from Blue Coat filed November 23, 2016. (ECF 151.)[1] The Court grants Finjan's motion to seal.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For*

---

[1] This case was reassigned to the undersigned for discovery proceedings on January 20, 2017. (ECF 172.) The Court ruled on Finjan's motion to compel on January 31, 2017. (ECF 178.) Due to a clerical oversight, this Court did not rule on the administrative motion to seal at that time.

*Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because Finjan seeks to seal information that it submitted to the Court in connection with a discovery dispute, rather than a motion that concerns the merits of the case. Having considered the Motion, the declarations submitted in support thereof, the pleadings on file, and the parties' efforts to **narrowly tailor their sealing requests to specific items of technical information,** the Motion is hereby granted.

**IT IS HEREBY ORDERED** that the following materials should be sealed and that counsel for Finjan may file the following materials under seal:

| Document | Text to be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Discovery Dispute Joint Report | Redacted portions at 3:9-10; 7:20-24; 8:19-24 | References to Blue Coat's highly confidential product, business, and financial information. |
| Exhibit 5 to the Discovery Dispute Joint Report | Entire exhibit containing Blue Coat's Second Supplemental Responses to Finajan's First Set of Interrogatories | References to Blue Coat's highly confidential product, business, and financial information. |

**SO ORDERED.**

Dated: April 27, 2017

SUSAN VAN KEULEN
United States Magistrate Judge