**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUE COAT SYSTEMS, LLC, <br><br> Defendant. | Case No. 15-cv-03295-BLF <br><br> **ORDER DENYING BLUE COAT SYSTEMS LLC'S MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF MOTION TO STRIKE PORTIONS OF EXPERT REPORTS** |

Before the Court is Defendant Blue Coat Systems, LLC's ("Blue Coat") Administrative Motion to File Under Seal Certain Exhibits in Support of Defendant Blue Coat Systems LLC's Motion to Strike Portions of Expert Reports. ECF 754. For the reasons stated below, the motion is DENIED WITHOUT PREJUDICE.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are

sealable." *Id.*

## II. DISCUSSION

The Court has reviewed Blue Coat's sealing motion (ECF 205) and its declaration in support thereof (ECF 205-1). Blue Coat seeks to seal in their entirety Exhibits A-E and G-I to the Marder Declaration in support of Blue Coat's Motion to Strike Portions of Expert Reports, located at ECF 205-4, -6, -8, -10, -12, -14, -16, and -18. According to Blue Coat, these documents "contain highly confidential technical information regarding Blue Coat's proprietary technology, and confidential aspects of Blue Coat's business." Marder Decl. ISO Administrative Motion to File Under Seal ¶ 3, ECF 205-1. Blue Coat also states that public disclosure of this information "would create substantial risk of serious harm to Blue Coat, including evasion of Blue Coat's malware analysis tools, disclosure to competitors regarding the scanning tools used in the accused products, and Blue Coat's approach to fixes in the products." *Id.* ¶ 5.

The Court finds that, although Blue Coat has articulated compelling reasons and good cause to seal portions of the submitted documents, its request is not narrowly tailored. Blue Coat seeks to seal each of the documents in their entirety, whereas Blue Coat's statements regarding confidentiality apply only to select portions of each of the documents. For this reason, the Court DENIES Blue Coat's sealing motion WITHOUT PREJUDICE.

## III. ORDER

Blue Coat's sealing motion is DENIED WITHOUT PREJUDICE. No later than 10 days from the filing of this order, Blue Coat may renew its motion so as to more narrowly tailor its request to seal and/or provide sufficient reasons in the supporting declaration to seal the documents in their entirety. If Blue Coat does not renew its motion, it must, pursuant to Civil Local Rule 79-5(e)(2), file the unredacted documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: April 28, 2017

BETH LABSON FREEMAN
United States District Judge