UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE COAT SYSTEMS, LLC,<br><br>    Defendant. | Case No. 15-cv-03295-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART FINJAN, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Before the Court is Plaintiff Finjan, Inc.'s ("Finjan") administrative motion to file under seal portions of its Opposition to Blue Coat's Motion to Strike Portions of Expert Reports and select exhibits to the Declaration of James Hannah in Support thereof. ECF 212. For the reasons stated below, the motion at ECF 212 is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-

5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

## II. DISCUSSION

The Court has reviewed Finjan's sealing motion (ECF 212) and the parties' declarations in support thereof (ECF 212-1, 215). The Court finds that the parties have articulated compelling reasons and good cause to seal the submitted documents. The Court's rulings on the sealing request are set forth in the table below:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
| --- | --- | --- | --- |
| 212-4 | Finjan's Opposition to Blue Coat's Motion to Strike Portions of Expert Reports | GRANTED as to highlighted portions. | Contains highly confidential technical information regarding Blue Coat's proprietary technology, and confidential aspects of Blue Coat's business, including information relating to Blue Coat's source code, and the confidential operation of Blue Coat's products, including backend systems. Marder Decl. ¶ 6, ECF 215. |
| 212-6 | Ex. 2 to Hannah Decl. ISO Opposition to Blue Coat's Motion to Strike Portions of Expert Reports, ECF 213-1 ("Hannah Decl.") | GRANTED. | Contains highly confidential technical information regarding Blue Coat's proprietary technology, and confidential aspects of Blue Coat's business, including information relating to the confidential operation of Blue Coat's SSL Visibility Appliance. Marder Decl. ¶ 7. |
| 212-8 | Ex. 3 to Hannah Decl. | GRANTED. | Contains highly confidential technical information regarding Blue Coat's proprietary technology, and confidential aspects of Blue Coat's business, including information relating to the confidential operation of Blue Coat's backend URL rating systems. Marder Decl. ¶ 8. |
| 212-10 | Ex. 4 to Hannah Decl. | GRANTED as to the second page of the exhibit, numbered page 44; DENIED as to the remainder. | Second page of the exhibit, numbered page 44, contains highly confidential technical information regarding Blue Coat's proprietary technology, and confidential aspects of Blue Coat's business, including information relating to the confidential operation of Blue Coat's WebPulse service, including backend systems. Marder Decl. ¶ 9. No supporting declaration has been provided as to the remainder. |

| 212-12 | Ex. 5 to Hannah Decl. | GRANTED. | Contains highly confidential technical information regarding Blue Coat's proprietary technology, and confidential aspects of Blue Coat's business, including information relating to the confidential operation of Blue Coat's Content Analysis System and Malware Analysis Appliance, including backend systems.  Marder Decl. ¶ 10. |

## III. ORDER

For the foregoing reasons, the sealing motion at ECF 212 is GRANTED IN PART and DENIED IN PART.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.  Alternatively, the moving party may also renew the motion so to provide sufficient reasons in the supporting declarations no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: May 9, 2017

_____
BETH LABSON FREEMAN
United States District Judge